# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINSVILLE DIVISION

VICTORIA JOHNSON, on behalf )
of herself and all others similarly )
situated who consent to their )
inclusion, )
                             )
      Plaintiffs, )        **Civil Action File No.:**
                      )        **2:12-CV-0298-WCO**
v. )
                      )
OWNERWIZ, LLC, et al., )
                      )
      Defendants. )
                      )

## DEFENDANT OWNERWIZ, LLC'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, Ownerwiz, LLC, submits this motion to dismiss and

memorandum of law in support thereof. As fully demonstrated below, Plaintiff's

Complaint must be dismissed because she sued a company for alleged employment

law violations that did not employ her.

## I.
## STATEMENT OF FACTS

Defendant Ownerwiz, LLC, has never conducted business in the State of

Georgia or any other state.[1]  Further, Ownerwiz, LLC has never had any employees

---

[1] See, Declaration of Edward Zimbardi, ¶4, attached as Exhibit 1.

1

and as such never employed the Plaintiff.[2]  Plaintiff worked for a separate and

distinct entity named Fulfillment Central Publishing, Inc.[3]   Plaintiff alleges that

she was employed with Fulfillment Central Publishing, Inc. from October 8, 2010

to April 6, 2012.[4]  Plaintiff demonstrates that Fulfillment Central Publishing, Inc.

was her actual employer through the exhibits that she attached to her complaint

showing that her paychecks were issued by Fulfillment Central Publishing, Inc.[5]

Defendant Ownerwiz, LLC, did not exercise control over any of the business or

employment decisions of Fulfillment Central Publishing, Inc.[6]  Further, Ownerwiz,

LLC and Fulfillment Central Publishing, Inc. never maintained any shared

operations or activities.[7]

## II.
## LAW AND ANALYSIS

Plaintiff's Complaint asserts claims under the Fair Labor Standards Act

("FLSA") against Ownerwiz, LLC.[8] By its very nature, a claim under the FLSA

can only be made against an employer.  Here, Plaintiff has not pled, and cannot

under any set of circumstances show, that Ownerwiz, LLC is Plaintiff's employer.

As such, her claim should be dismissed.

---

[2] Id.
[3] Id. at ¶8.
[4] Complaint, ¶10.
[5] Complaint at Exhibit C, pages 1-8.
[6] See, Declaration of Edward Zimbardi, ¶9.
[7] See, Declaration of Edward Zimbardi, ¶10.
[8] Complaint Introduction, ¶¶28, 29.

**A. <u>Ownerwiz, LLC Did Not Employee Plaintiff.</u>**

Plaintiff does not state a plausible claim for relief and as such her complaint should be dismissed. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'[9] Further, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element 'with precision', it is still necessary that a complaint contain either direct or inferential allegations respecting <u>all</u> the material elements necessary to sustain a recovery under some viable legal theory."[10]

The statutory framework of the FLSA provides that " [N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[11] Thus, to state an FLSA claim, a plaintiff has the burden of proving that the defendant was her employer.

In this case, Plaintiff has failed to allege that Ownerwiz, LLC was her employer. In a cursory manner Plaintiff refers to five companies and an individual

---

[9] <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 570 (2007)).

[10] <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u> 500F.3d 1276, 1282- 83 (11th Cir. 2007).

[11] 29. U.S.C. ¶ 207(a)(1).

as Defendants without asserting which of them is her employer (with the exception of the individual, Brenda Zimbardi, and one of the companies, Fulfillment Central Publishing, Inc.) or any manner in which the Defendants are connected.  Plaintiff fails to identify that Ownerwiz, LLC (or any of the other remaining defendants) actually employed Plaintiff.  Plaintiff does not assert that she was working for five different companies that each violated the FLSA nor does Plaintiff assert that there is any connection between the companies.  As such, she has failed the threshold test of demonstrating that Ownerwiz, LLC is her employer.

Since Ownerwiz, LLC did not employ Plaintiff or have any involvement in Plaintiff's employment, Plaintiff cannot state a claim against Ownerwiz, LLC for which relief can be granted under FLSA. Consequently, Plaintiff's FLSA claim should be dismissed with prejudice.

**B.**     **Ownerwiz, LLC  And Fulfillment Central Publishing Are Not Joint Employers.**

Plaintiff has not alleged that Ownerwiz, LLC meets any of the requirements to demonstrate that Ownerwiz, LLC is a joint employer with Fulfillment Central Publishing, Inc.  In an 11th Circuit opinion, the Court of Appeals held that even where an employee performed a "minimal amount of work" for another company there was not sufficient grounds to establish that the companies were joint employers under the FLSA and as such denied the claims against the second

corporation from the lawsuit.[12]  Here, Plaintiff has not even alleged that she

performed any duties for Ownerwiz, LLC.  Further, any attempt to plead as such

would also fail because Ownerwiz, LLC not only never employed Plaintiff, but it

has also never conducted any business, earned any income or owned any assets.[13]

Because Ownerwiz, LLC did not conduct any business and because Plaintiff did

not conduct any activities on behalf of Ownerwiz, LLC, Ownerwiz, LLC could not

have employed Plaintiff and her claims against Ownerwiz, LLC should be

dismissed with prejudice.

**C.    Ownerwiz, LLC And Fulfillment Central Publishing Are Not an Enterprise**

*Ownerwiz, LLC and Fulfillment Central Publishing Had No Unified Operation or Common Business Purpose*

Similarly, Ownerwiz, LLC and Fulfillment Central Publishing, Inc. are not

an enterprise and Plaintiff cannot establish liability under this theory.  An

enterprise exists when businesses conduct related activities performed either

through unified operation or common control for a common business purpose.[14]

Here Plaintiff has not alleged that Ownerwiz, LLC and Fulfillment Central

Publishing, Inc. are an enterprise.  In fact, there is no business relationship or

---

[12] Patel v. Wargo, 803 F.2d 632, 634-5 (11th Cir. 1986). (holding that "the few acts that he did…(were) as a volunteer, as an accommodation to his own employer, and not truly as an employee.")
[13] Declaration of Edward Zimbardi, ¶3, 4, 6.
[14] 29 U.S.C. ¶ 203(r); See, also, Patel v. Wargo, 803 F.2d at 635.

ownership interest between Ownerwiz, LLC and Fulfillment Central Publishing, Inc.[15]  The only connection that Plaintiff can show between Ownerwiz, LLC and Fulfillment Central Publishing, Inc. is that Edward Zimbardi, a former shareholder in Fulfillment Central Publishing, Inc. is the Manager and a Member of Ownerwiz, LLC.[16]  This fact is insufficient to establish that Ownerwiz, LLC and Fulfillment Central Publishing, Inc. operated as an enterprise.  Because Plaintiff has not pled and cannot show that Ownerwiz, LLC and Fulfillment Central Publishing, Inc. are part of an enterprise, Plaintiff's claims against Ownerwiz, LLC should be dismissed with prejudice.

### *Ownerwiz, LLC Has No Liability Under the Enterprise Theory*

Assuming, arguendo, that Plaintiff could show that there was a unified operation or a common business purpose her claims would still fail under the enterprise theory because she cannot establish a basis for liability against Ownerwiz, LLC.  A company can be considered part of an enterprise without being liable for the actions of another company within the same enterprise under the FLSA.[17]  To establish liability pursuant to the enterprise theory, Plaintiff must show that an employer-employee relationship exists between her and Ownerwiz,

---

[15] Declaration of Edward Zimbardi, ¶8, 9, 10.
[16] Declaration of Edward Zimbardi, ¶2, 7.
[17] <u>Patel</u>, at 635-637.

6

LLC.[18]  Plaintiff has failed to allege any such relationship in her complaint, and the facts submitted here show that Ownerwiz, LLC had no employees at all, and as such could not have employed Plaintiff.[19] Because Plaintiff cannot show an employment relationship with Ownerwiz, LLC, even if she could demonstrate that Ownerwiz, LLC and Fulfillment Central Publishing, Inc. were part of an enterprise she could not establish liability and as such her case should be dismissed.

## III.
## CONCLUSION

For the foregoing reasons Ownerwiz, LLC's Motion to Dismiss should be granted, and Plaintiff's Complaint should be dismissed with prejudice as to all claims asserted against it.

## LOCAL RULE 5.1 CERTIFICATION

I certify that this pleading was prepared in Times New Roman (14 point) font, a font and point selection approved by L.R. 5.1.

Respectfully submitted this 4th day of February, 2013.

**Keegan Law Firm, LLC**
/s/ Marcus G. Keegan
Marcus G. Keegan
Georgia Bar No. 410424
**Attorney for Defendants Ownerwiz, LLC, Ownerwiz Inspections, LLC,**

---

[18] Id. at 637.
[19] Declaration of Edward Zimbardi, ¶4, 6.

7

**Listingwiz, LLC, Ownerwiz Realty, Inc., and Brenda Zimbardi**

1418 Dresden Drive, Suite 240
Atlanta, Georgia 30319
(404) 842-0333 (Phone)
(404) 920-8176 (fax)
mkeegan@keeganfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINSVILLE DIVISION

VICTORIA JOHNSON, on behalf )
of herself and all others similarly )
situated who consent to their )
inclusion, )
                           )
        Plaintiffs, )    **Civil Action File No.:**
                           )    **2:12-CV-0298-WCO**
v. )
                           )
OWNERWIZ, LLC, et al., )
                           )
        Defendants. )
                           )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **Ownerwiz, LLC's Motion to Dismiss And Memorandum of Law in Support Thereof** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Mitch L. Feldman
mfeldman@ffmlawgroup.com

This 4th day of February, 2013.


                                          **/s/ Marcus G. Keegan**
                                          Marcus G. Keegan